Paul POPA and Linda Popa, Plaintiffs,

v.

The HERTZ CORPORATION, a Delaware corporation, Defendant-Respondent,

CITY OF MILWAUKEE, a municipal corporation, Defendant-Joint Appellant.

STATE FARM MUTUAL AUTOMOBILE INS. CO., a foreign corporation, Plaintiff-Joint Appellant,

v.

Marie F. PESCHL, Defendant-Appellant,

The HERTZ CORPORATION, a foreign corporation, Defendant-Respondent.

Karl D. ZUBERBIER, Plaintiff,

v.

The HERTZ CORPORATION, a foreign corporation, Defendant-Respondent,

Marian PESCHL, Defendant,

CITY OF MILWAUKEE, a municipality, Defendant-Joint Appellant,

Marie F. PESCHL and American Family Mutual Insurance Company, a domestic corporation, Defendants-Appellants.

Court of Appeals

632

*No. 90–0989. Submitted on briefs October 2, 1990.—Decided December 4, 1990.*

(Also reported in 465 N.W.2d 213.)

For the defendant-appellant American Family Mutual Insurance Company the cause was submitted on the briefs of *Mingo & Yankala, S.C.* by *Wayne M. Yankala,* of Milwaukee.

For the defendant-appellant Marie F. Peschl the cause was submitted on the briefs of *Schmidt, Darling & Erwin* by *Eric S. Darling,* of Milwaukee.

For the defendant-respondent Hertz Corporation the cause was submitted on the briefs of *Kasdorf, Lewis & Swietlik, S.C.* by *Michael J. Cieslewicz* and *E. Patrick Cranley* of counsel, of Milwaukee.

For the plaintiff-joint appellant State Farm Mutual Automobile Ins. Co. the cause was submitted on the joint briefs of *Mueller, Goss & Darnieder, S.C.* by *John C. Possi,* of Milwaukee.

For the defendant-joint appellant City of Milwaukee the cause was submitted on the joint briefs of *Riordan, Crivello, Carlson, Mentkowski & Steeves* by *Frank L. Steeves,* of Milwaukee.

Before Moser, P.J., Sullivan and Fine, JJ.

MOSER, P.J. This is an appeal from a consolidated action which combined three cases which all arose from the same car accident on May 11, 1986. On that day, Marie F. Peschl (Peschl) was driving a car owned by The Hertz Corporation (Hertz), when she crashed into a police squad car owned by the City of Milwaukee. The squad car was driven by officer Paul Popa (Popa), and officer Karl D. Zuberbier (Zuberbier) was a passenger.

Peschl's mother, Marion Peschl, was an employee of Hertz and had access to a company car for personal use. Peschl did not have permission from either Hertz or her mother to drive the car involved in the accident. Hertz is self-insured.

Popa and Zuberbier, and State Farm Mutual Automobile Ins. Co. (State Farm), Popa's uninsured motorists carrier, filed complaints for injuries resulting from the accident. After being consolidated, a scheduling order was issued establishing the various procedural

deadlines leading up to a trial set for June 4, 1990. Hertz then moved for summary judgment. This was followed by American Family Mutual Insurance Company's (American Family), Zuberbier's personal car insurer, motion for declaratory judgment stating that Hertz was estopped from asserting its nonpermissive use defense because it had not filed an affidavit stating that Peschl did not have permission to drive its car.

On January 29, 1990, the trial court granted Hertz's motion for summary judgment holding that there was no genuine issue of material fact that Peschl had not been given permission by either Hertz or her mother to drive the car. The trial court also held that American Family had waived any right to rely upon estoppel pursuant to sec. 344.15, Stats., because it failed to raise estoppel in its pleadings. Therefore, it dismissed American Family's motion for declaratory judgment. The trial court stated that it would not decide whether self-insurers under sec. 344.16, Stats., were in fact subject to the provisions of sec. 344.15.

In a motion on February 19, 1990, all of the appellants asked the trial court to reconsider its earlier ruling or, in the alternative, to amend the scheduling order in order to permit the appellants the opportunity to amend their pleadings to include the estoppel theory. These motions were denied, and a judgment dismissing the action was entered on April 10, 1990. The appellants appeal from this judgment.

The appropriate standard of review when examining a summary judgment is *de novo*.[1] We apply the standards set forth in sec. 802.08(2), Stats., in the same

---

[1]*Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987).

manner as the trial court.[2] In this case, the trial court properly granted summary judgment, but for the wrong reason. However, we affirm because

> a respondent's judgment or verdict will not be overturned where the record reveals that the trial court's decision was right, although for the wrong reason. An appellate court, consistent with that percept, has the power, once an appealable order is within its jurisdiction, to examine all rulings to determine whether they are erroneous and, if corrected, whether they would sustain the judgment or order which was in fact entered.[3]

Where the trial court erred was in addressing the estoppel argument in relation to sec. 344.15, Stats., without first considering whether Hertz was even required to comply with this statute. All the parties concede that Hertz was self-insured under sec. 344.16, Stats. Self-insured persons need not comply with sec. 344.15. Section 344.15 relates only to individuals insured by insurance companies.

The plain language of these two statutes addresses two separate groups. First, sec. 344.15, Stats., entitled "Requirements as to policy or bond," concerns only individuals who are insured through an insurance company.[4]

---

[2]*Id.*

[3]*State v. Alles,* 106 Wis. 2d 368, 391, 316 N.W.2d 378, 388 (1982).

[4]Section 344.15(5), Stats., states:

> Nothing in this chapter shall be construed to impose any obligation not otherwise assumed by the insurer in its automobile liability policy or bond except that if no correction is made in the report or other notice within 30 days after it is mailed to the insurer, the insurer, except in case of fraud, whenever such fraud may occur, is estopped from using as a defense to its liability the insured's failure to give permission to the operator or a violation of the purposes of

Second, sec. 344.16, Stats., is entitled "Requirements as to self-insurers," and it sets forth requirements for an individual to attain this status. There is no overlap between these statutes.

Since it is undisputed that Hertz is self-insured, we may apply this fact as a matter of law to sec. 344.16, Stats., without deference to the trial court.[5] Under sec. 344.16, there is no requirement that a self-insured party involved in an accident file an amendment to the accident report with the secretary of transportation within thirty days of it being mailed to it, or be estopped from asserting a non-permissive use defense in the case. The appellants contend that Wis. Adm. Code sec. Trans 100.04(4) says otherwise.[6] They argue that this administrative code section is the same for self-insured individuals as is sec. 344.15(5), Stats., for insurance policyholders. This is not true. The distinction between these two provisions is clear upon their reading. Section 344.15(5) prohibits the use of the non-permissive use defense if the notice provision is not complied with. On the other hand, Wis. Adm. Code sec. Trans 100.04(4) is solely administrative, and has no penalty provision. Therefore, there is no waiver of the non-permissive use defense by a

---

use specified in the automobile liability policy or bond or the use of the vehicle beyond agreed geographical limits.

[5]*See, e.g., Kania v. Airborne Freight Corp.,* 99 Wis. 2d 746, 758–59, 300 N.W.2d 63, 68 (1981).

[6]Wis. Adm. Code sec. Trans 100.04(4) reads as follows:

When the owner is self-insured under s. 344.16, Stats., the department shall forward the insurance portion of the accident report to the address furnished by the self-insured owner. The department shall assume that the operator of the vehicle is exempt from the security requirements under s. 344.14(2)(d), Stats., unless the self-insured notifies the department otherwise within 30 days of mailing or other information is received by the department indicating that the self-insured certificate does not apply to the operator.

self-insurer under sec. 344.16, if said self-insurer fails to comply with Wis. Adm. Code sec. Trans 100.04(4).

The trial court's decision to grant Hertz's motion for summary judgment was correct because Peschl did not have permission to drive the car owned by Hertz. Therefore, Hertz was in no way liable to officers Popa or Zuberbier for injuries caused by the accident. The trial court's reasoning based on sec. 344.15, Stats., was incorrect given the foregoing analysis. Still, since the ultimate result was correct, its judgment is affirmed.[7]

Whether the trial court erred in not permitting the appellants to amend their pleadings to assert estoppel is now an irrelevant argument given the trial court's application of the wrong statute. Whether allowed to amend their pleadings or not, the appellants would have faced the same outcome of this case. Therefore, we need not address this issue because the application of the undisputed facts to sec. 344.16, Stats., is dispositive of this appeal.

*By the Court.*—Judgment affirmed.

---

[7]*Alles,* 106 Wis. 2d at 391, 316 N.W.2d at 388.